# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| DIANNE COYLE | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-1441 |
| STANDARD FIRE INSURANCE COMPANY | SECTION: "C" (3) |

## ORDER & REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction in this original action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 3, seeking affirmative proof of the amount in controversy. Both parties argued that the jurisdictional minimum was met. Rec. Doc. 9; Rec. Doc. 11. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. LAW & ANALYSIS

Plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of <u>Acevedo v. AAA Ins.</u>, Civil Action No. 07-5199, to recover payment for property damage under her insurance policy with Defendant Standard Fire Insurance Company ("SFIC") following Hurricane Katrina. Rec. Doc. 1-2. Magistrate Judge Wilkinson, Jr. severed

---

[1] Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

Acevedo. Rec. Doc. 1-3. Plaintiff then filed an individualized amended complaint against SFIC. Rec. Doc. 1-1.

Parties may neither consent to nor waive subject matter jurisdiction. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and diversity exists between all parties. 28 U.S.C. § 1332(a)(2007).[2] Most Fifth Circuit case law about amounts in controversy concerns cases removed from state court to federal court, unlike the present case. However, the Fifth Circuit and this Court have applied those procedures to other circumstances, such as declaratory judgment actions, St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250,1253 (5th Cir. 1998). Therefore, they may be instructive for actions originally brought in federal court such as the one before us.

In removal cases, the parties must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. Id. (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if

---

[2]Neither party disputes that diversity of citizenship exists among the parties. Plaintiff is domiciled in Louisiana and SFIC is a foreign corporation. Rec. Doc. 1-1; Rec. Doc. 8 at 4.

2

inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982). The court may demand that the party justify the allegation by a preponderance of the evidence. McNutt, 298 U.S. at 189.

In response to the Court's Order, Rec. Doc. 3, plaintiff filed a memorandum that attempted to show that the jurisdictional minimum was met. Rec. Doc. 9. Plaintiff pointed to her policy limit of $174,000 for the structure, $121,800 for contents, and $52,200 for additional living expenses. Id. at 1. She stated that on August 29, 2005, Hurricane Katrina caused wind, rain, and flood damage to the roof, interior, and contents of her property, and that she was unable to use her property for an extended period. Rec. Doc. 1-1 at 2. She alleged that her policy was in effect at that time, that it was all-risk, and that it covered such damage. Id. However, she did not provide a copy of her policy. She estimated her property damage at $73,643 for the structure and $63,156 for the contents. Rec. Doc. 9 at 1. The first amount matches with part of the estimate plaintiff allegedly submitted to SFIC; the second amount does not figure in that estimate. Exhibit C at 18. Plaintiff stated that SFIC has paid $0. Id. Additionally, plaintiff made a claim for statutory penalties, interest, and attorney fees under La. R.S. §§ 22:658 and 22:1220[3], because SFIC's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. Plaintiff did not provide a factual description of SFIC's actions. Notably, no copy of a prerequisite proof of loss was provided as ordered.

SFIC also filed a memorandum that attempted to show that the jurisdictional minimum

---

[3] Effective Jan. 1, 2009, La. R.S. §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1973 respectively. See Acts 2008, No. 415 § 1.

was met. Rec. Doc. 11. SFIC issued a policy to plaintiff with policy limits of $140,000 for the dwelling, $14,000 for other structures, $98,000 for personal property, and $42,000 for loss of use. Rec. Doc. 11 at 5. SFIC stated that it issued three payments to plaintiff under its policy: an advance of $2,000 for additional living expenses, $5,049.50 for damage to the structure and other buildings, and an additional $1,911.18 for the structure and other buildings. Rec. Doc. 11 at 4-5. SFIC provided no evidence for the first payment, but it provided correspondence to plaintiff showing that it agreed to make the two other payments. Exhibits A and B. SFIC stated that plaintiff demanded payment of the entire policy limit, but did not put forth evidence of that demand. Rec. Doc. 11 at 5. However, SFIC did submit plaintiff's alleged estimate for damages, issued on November 7, 2008 and totaling at $76,976.35. Exhibit C at 1, 23. Subtracting the amounts it allegedly paid plaintiff, SFIC stated that plaintiff claimed 70,015.67 under the policy. In addition, SFIC asserted that plaintiff sought penalties and attorneys fees under La. R.S. §§ 22:658 and 22:1220 and calculated possible penalties of at least $17,503.92. Rec. Doc. 11 at 5. SFIC concluded that the amount in controversy was at least 87,519.59, and therefore that it met the jurisdictional minimum.

It is not facially apparent nor has either party set forth facts showing that the jurisdictional minimum was met on the date of filing. To fulfill its duty to ensure it has proper jurisdiction over this action, the Court requires specificity from the parties. Fernandez v. Allstate Ins. Co., 2008 WL 314405, *2 (E.D. La. Feb. 1, 2008). First, the relevant inquiry concerns damage to the property, not the value of the property or the policy limit. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). According to SFIC, the plaintiff could recover $70,015.67 in damages under her policy because plaintiff made a claim for

$76,976.35 according to an estimate she allegedly submitted to SFIC, and because SFIC paid plaintiff a total of $8,960.68. Rec. Doc. 11 at 5-6. However, that estimate is not evidence of the amount in controversy because it was finalized on November 7, 2008, over a year after plaintiff originally filed suit as part of Acevedo, Civil Action No. 07-5199. See St. Paul Mercury, 303 U.S. at 289-90 (suggesting that events occurring after the institution of the suit do not trigger or oust subject matter jurisdiction). Moreover, plaintiff presented no facts to substantiate the $136,799 damage estimate she alleged in her memorandum, and her statement that SFIC has not made any payments to her. Rec. Doc. 9 at 1. Plaintiff may have met the proof threshold if she had provided evidence implicating the limits of the policy, or if she had submitted damage assessments or repair estimates for the property. Fernandez, 2008 WL 314405 at *2. See also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 (E.D. La. July 24, 1995)(calculating amount in controversy based on receipts, affidavits, and deductible contained in insurance policy).

Second, parties must do more than state that plaintiff made claims for statutory penalties and present facts indicating the propriety of such penalties. Fernandez, 2008 WL 314405 at *2 (referring to Thompson v. Allstate Ins. Co., 2007 WL 763219, *1 (E.D. La. March 8, 2007)). SFIC alleged that potential penalties of at least $17,503.92 would catapult plaintiff's claim above the jurisdictional minimum. Both parties cited a Fifth Circuit case that held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction. Rec. Doc. 9 at 1; Rec. Doc. 11 at 6; St. Paul Reins. Co, 134 F.3d at 1254. However, the St. Paul Reins. Co. Court, discussing a Texas statute, did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. Moreover, the

5

Louisiana statute lists six specific actions that would constitute a "breach" and that require findings of fact. La. R.S. § 22:1973(B)(1-6). The statute provides that one type of breach for which an insured may recover penalties is "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5). To indicate more than the possibility of penalties, the parties could have presented facts indicating that SFIC's actions constituted a breach under the statute. Again, no copy of a proof of loss has been provided. Thus, based on the record and the law, the Court finds that the parties have not established subject matter jurisdiction.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

New Orleans, Louisiana, this 15th day of June, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE